Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                              Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWARD KOPELSON** | : No. |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| **ICON PARKING SYSTEMS, LLC** | : |
| and | : |
| **RENAISSANCE PARKING, LLC** | : **COMPLAINT** |
| | : |
| Defendants | : |

## PRELIMINARY STATEMENT

Edward Kopleson (the "Plaintiff"), by and through his counsel, brings this lawsuit against Icon Parking Systems, LLC ("Defendant Icon") and Renaissance Parking, LLC ("Defendant Renaissance"), seeking all available relief under the New Jersey Law Against Discrimination and the Americans with Disabilities Act for the Defendants' failure to comply with both Acts' accessibility requirements. Plaintiff is seeking injunctive relief under the Americans with Disabilities Act to require the Defendants to remove the accessibility barriers which exist at their parking facility. Plaintiff is also seeking compensatory relief under the New Jersey Law Against Discrimination. The allegations contained herein are based on personal experience of the Plaintiff.

## I.  JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1, *et. seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction to entertain the State law cause of action under 28 U.S.C. § 1367(a).

## II.  VENUE

4. All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey.

5. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

6. The Plaintiff is an adult male who currently resides in Essex County, New Jersey.

7. Defendant Icon is a Delaware limited liability company registered in that State with a file number of 3139020.

8. Defendant Renaissance is a foreign limited liability company registered with the New Jersey Division of Revenue and Enterprise Services under entity identification number 0600055039.

9. There are no listings for Defendant Icon on website for the New Jersey Division of Revenue and Enterprise Services.

10. The listed registered agent for Defendant Icon is United Corporate Services, Inc., 874 Walker Road, Suite C, Dover, Delaware 19904.

## IV. <u>STATEMENT OF FACTS</u>

*<u>The Defendants' Parking Facility</u>*

11. The Defendants own and/or operate a parking lot and parking garage located at 111 Mulberry Street, Newark, New Jersey  07102 (the "Parking Facility").[1]

12. The Defendants' Parking Facility is a place of public accommodation.

13. For a fee, an individual can park his or her vehicle at the Parking Facility.

14. Upon information and belief, the Parking Facility has in excess of four hundred (400) parking spaces.

15. The Parking Facility consists of a surface lot and a parking garage with multiple levels.

16. The Parking Facility is valet only.

17. The Parking Facility's surface lot has no parking spaces that are designated as being reserved for use by individuals with disabilities.

18. The Parking Facility's garage has no parking spaces that are designated as being reserved for use by individuals with disabilities.

19. The Parking Facility has parking attendants who valet park the customers' vehicles.

*<u>The Plaintiff</u>*

20. The Plaintiff is an individual with a disability within the meaning of the ADA and NJLAD.

21. Because of a spinal cord injury, the Plaintiff is unable to walk.

22. For mobility, the Plaintiff uses a power wheelchair.

23. The Plaintiff possesses a license plate issued by the State of New Jersey which indicates that he is an individual with a disability.

---

[1] https://iconparkingsystems.com/facility/renaissance

24. The Plaintiff's license plate permits him to park his vehicle in spaces that are designated as reserved for individuals with disabilities.

25. The Plaintiff's vehicle has an automatic fold-out ramp which allows him to enter his vehicle while seated in his wheelchair.

26. The Plaintiff operates his vehicle while seated in his power wheelchair, which he positions directly in front of the steering wheel.

27. The Plaintiff's vehicle is equipped with hand controls to operate the vehicle's braking and acceleration systems, in lieu of a gas pedal and foot brake.

28. Plaintiff periodically travels in the area, and parks his vehicle in parking lots, parking garages, and streets.

29. On or about October 6, 2017, when the Plaintiff attempted to patronize the Parking Facility, the Parking Facility's attendant would not allow him to self-park his vehicle.

30. The Parking Facility was unwilling to accommodate the Plaintiff because of its valet-only parking policy and its failure to provide any accessible parking spaces for individuals with disabilities.

31. The Plaintiff is deterred from future use of the Parking Facility by the Parking Facility's refusal to accommodate him and by the lack of parking spaces designated as being reserved for use by individuals with disabilities.

## THE NEW JERSEY LAW AGAINST DISCRIMINATION

32. The NJLAD provides that "[a]ll individuals shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of disability. N.J.S.A. 10:5-4.

33. In interpreting the NJLAD in disability discrimination claims, "federal law has consistently been considered for guidance." <u>Borngesser v. Jersey Shore Med. Ctr.</u>, 340 N.J. Super. 369, 380 (App. Div. 2001).

34. The NJLAD prohibits discrimination on the basis of a disability. <u>N.J.S.A.</u> 10:5-12(a).

35. Under the NJLAD, "'disability' means physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological or developmental disability, including autism spectrum disorders, resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." <u>N.J.S.A.</u> 10:5-5(q)(a).

36. The New Jersey Administrative Code provides examples of reasonable accommodations, which include, "[p]roviding accessible entrances, walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps, clear floor paths through lobbies, corridors, rooms, and other areas, parking access aisles, and accessible elevators and lifts." <u>N.J.A.C</u>. 13:13–4.12(a)(8).

37. Under the NJLAD, it shall be an unlawful discrimination for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person

any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof. N.J.S.A. 10:5-12.

38. The NJLAD is intended to insure that individuals with disabilities will have 'full and equal access to society, limited only by physical limitations they cannot overcome'" Franek v. Tomahawk Lake Resort, 333 N.J. Super. 206, 217 (App. Div. 2000).

39. Under the NJLAD, damages are available for "[t]he personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act." N.J.S.A. 10:5-3.

## THE AMERICANS WITH DISABILITIES ACT

40. Congress enacted the ADA in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

41. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

42. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

43. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

44. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

45. A "public accommodation" are private entities whose operations affect commerce. 42 U.S.C. § 12181(7).

46. *"Facility"* means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

*Accessible Parking under the ADA*

47. The ADA sets forth the following requirements for accessible parking spaces for individuals with disabilities:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
| --- | --- |
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |

---

[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282

| 76 to 100 | 4 |
|---|---|
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

48. ADA regulations state that one in every six accessible parking spaces for individuals with disabilities must be van accessible.[3]

*Valet Parking*

49. The requirement to have parking spaces that are reserved for individuals with disabilities also applies to parking facilities that offer valet parking.

50. In addition to having parking spaces that are designated as being reserved for individuals with disabilities, parking facilities that provide valet parking services are also required to have an accessible passenger loading zone.[4]

51. The passenger loading zone must be located on an accessible route to the entrance of the facility.[5]

*Accessible Routes under the ADA*

52. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[6]

53. Accessible routes must connect parking spaces to accessible entrances.[7]

---

[3] Id.
[4] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[5] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6.6
[6] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html
[7] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

54. Exterior accessible routes include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.[8]

55. ADA accessibility standards require that accessible parking spaces in parking garages be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[9]

*Signage and the ADA*

56. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[10]

**COUNT I –**

**FAILURE TO PROVIDE ACCESSIBLE PARKING SPACES FOR INDIVIDUALS WITH DISABILITIES**

57. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58. The United States Supreme Court recognized the term "major life activities" includes walking.  Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

59. The major life activity that the constitutes the Plaintiff's disability is his inability to walk.

60. On the Parking Facility's surface lot, the Defendants failed to provide any parking spaces which were reserved for use by individuals with disabilities for passenger cars.

---

[8] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#3. MISCELLANEOUS
[9] http://www.ada.gov/adata1.pdf
[10] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

61. On the Parking Facility's surface lot, the Defendants failed to provide any van-accessible parking spaces which were reserved for use by individuals with disabilities.

62. In the Parking Facility's garage, the Defendants failed to provide any parking spaces which were reserved for use by individuals with disabilities for passenger cars.

63. In the Parking Facility's garage, the Defendants failed to provide any van-accessible parking spaces which were reserved for use by individuals with disabilities.

64. The Parking Facility's failure to provide any parking spaces which were reserved for use by individuals with disabilities has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

65. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating available parking spaces as being reserved for use by individuals with disabilities.

66. The Defendants have discriminated against the Plaintiff by their failure to comply with the accessibility requirements of the ADA and the NJLAD.

67. The Defendants' failure to comply with the ADA and the NJLAD has created a hardship for the Plaintiff.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendants to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II -

## FAILURE TO PROVIDE AN ACCESSIBLE PASSENGER LOADING ZONE

68. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

69. The Parking Facility's surface lot does not have any marked accessible passenger loading zones.

70. The Parking Facility's garage does not have any marked accessible passenger loading zones.

71. The Parking Facility's failure to comply with the parking accessibility requirements of the ADA and the NJLAD has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

72. The Defendants can remedy their non-compliance with the parking requirements of the ADA and the NJLAD by creating an accessible passenger loading zone.

73. The Defendants' failure to comply with the ADA and the NJLAD has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

74. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendants to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against Discrimination, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT III -

## FAILURE TO PROVIDE AN ACCESSIBLE ROUTE

75. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

76. The Parking Facility's surface lot does not have any marked accessible routes leading to the sidewalk bordering the property.

77. The Parking Facility's garage lot does not have any marked accessible routes leading outside of the parking structure.

78. The Parking Facility's failure to comply with the parking accessibility requirements of the ADA and the NJLAD has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

79. The Defendants can remedy their non-compliance with the parking requirements of the ADA and the NJLAD by creating marked accessible route for individuals with disabilities to use when entering and exiting the Parking Facility.

80. The Defendants' failure to comply with the ADA and the NJLAD has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

81. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA and the NJLAD.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendants to comply with the Americans with Disabilities Act and the New Jersey Law Against Discrimination, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the New Jersey Law Against

Discrimination, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT IV –

## FAILURE TO COMPLY WITH THE SIGNAGE REQUIRMENTS FOR ACCESSIBLE PARKING

82. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

83. The Parking Facility does not have any signs which designate parking spaces as being reserved for individuals with disabilities.

84. The Defendants can remedy their non-compliance by installing signs having the International Symbol of Accessibility to designate parking spaces as being reserved for individuals with disabilities.

85. The Defendants' failure to designate parking spaces as being reserved for individuals with disabilities has created a hardship for the Plaintiff.

86. The Defendants have discriminated against the Plaintiff by their disregard of the requirements of the ADA and the NJLAD which require a place of public accommodation to designate parking spaces as being reserved for individuals with disabilities.

WHEREFORE, Plaintiff seeks injunctive relief to require the Defendants to comply with the ADA and NJLAD, together with costs and mandatory attorneys' fees under as provided by both statutes, compensatory damages under the NJLAD, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
fjrooks@jacobsonrooks.com
*Attorney for Plaintiff*
Dated: October 16, 2017

## <u>CERTIFICATE OF SERVICE</u>

I, Franklin J. Rooks Jr., certify that I filed the Plaintiff's Complaint via the Court's ECF

system.


By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
NJ Attorney ID: 023802010
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
fjrooks@jacobsonrooks.com
*Attorney for Plaintiff*
Dated: October 16, 2017